United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40165
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYMOND RAY BARNES,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-432-ALL
---------------------

Before GARWOOD, JONES and SMITH, Circuit Judges.

PER CURIAM:[*]

Raymond Ray Barnes appeals his conviction and the sentence he received after he pleaded guilty to possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841. He seeks to challenge the constitutionality of 21 U.S.C. § 841(a) and (b) in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). As Barnes concedes, his argument is foreclosed by <u>United States v. Slaughter</u>, 238 F.3d 580, 582 (5th Cir. 2000).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Barnes also argues, for the first time on appeal, that the district court erred by imposing a sentence pursuant to the mandatory Sentencing Guidelines system held unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005). Because the district court erred in sentencing Barnes pursuant to a mandatory Guidelines scheme, he meets the first two requirements for relief under plain error review. See United States v. Olano, 507 U.S. 725, 731-37 (1993); United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005). The Government concedes that Barnes can satisfy the third prong of plain error by showing that the district court felt constrained by the Sentencing Guidelines and most likely would have imposed a lower sentence under an advisory Guidelines scheme. The Government also agrees that the sentence should be vacated and the case should be remanded to the district court for resentencing. We find nothing in the record that disturbs the Government's representation.

Accordingly, Barnes's conviction under 21 U.S.C. § 841 is AFFIRMED; his sentence, however, is VACATED, and the case is REMANDED for further proceedings.

AFFIRMED IN PART; VACATED IN PART; REMANDED.